UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20289-BLOOM

UNITED STATES OF AMERICA,

v.

BLAS BARRIOS,

    Defendant.
_____/

## ORDER ON MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon the Government's Motion *in Limine* ("Motion"), ECF No. [209], filed on August 5, 2025. Defendant did not file a Response. Therefore, the Court may grant the Motion by default. S.D. Fla. L. R. 7.1(c)(1). The Court has considered the Motion, the applicable law, and is otherwise fully advised. For the following reasons, the Motion is granted in part.

    **I.**    **BACKGROUND**

On July 9, 2024, Defendant Blas Barrios and seven other co-defendants were charged in a 26-count Indictment with "conspiracy to distribute controlled substances; multiple instances of distribution of cocaine, cocaine base, and methamphetamine; possession of a firearm in furtherance of a drug trafficking crime; dealing in firearms without a license; possession of a firearm by a convicted felon; and unlawful possession and transfer of a machine gun." ECF No. [209] at 2 (citing ECF No. [15]). The Government requests the following *in limine* rulings:

> (1) Allow the admission of audio/video recordings introduced into evidence through law enforcement witnesses where law enforcement provided the confidential informant ("CI") with an audio/video recorder that live-streamed to law enforcement prior to the firearm and drug deals, tested and turned on the recorder before giving it to the CI, listened to and watched the livestream as the

1

       transactions occurred, and then retrieved the recorder, along with any drugs or firearms the CI purchased, immediately following the deals;

(2) Allow the admission of phone calls obtained through consensual monitoring by law enforcement;

(3) Admit the non-hearsay statements of the Defendant and his co-conspirators;

(4) Permit testimony regarding the Defendant's, CI's, and co-defendants' membership in the Latin Kings gang;

(5) Allow the government to introduce narcotics, firearms, and cash seized from the Defendant's residence as well as cocaine and other evidence seized from co-defendant Jerry Rodriguez's residence; and

(6) Preclude Defendant from introducing evidence or argument relating to jury nullification, including evidence and/or argument about the Defendant's non-profit, any potential imprisonment, sentence, or consequences if convicted.

ECF No. [209] at 1-2.

## II. LEGAL STANDARD

A party can file a motion *in limine* to exclude anticipated prejudicial evidence from future proceedings. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States. v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). The movant has the burden of proving that the evidence is inadmissible. *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769, 6:07-cv-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *see In re Seroquel*, 2009 WL 260989, at *1 ("The court will entertain objections on

2

individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

"In general, a district court may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" *Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) (quoting *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)). "Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial." *Powers v. Target Corp.*, No. 19-cv-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020) (quoting *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)).

### III. DISCUSSION

#### A. Audio/Video Recordings of Controlled Purchases

The Government seeks to admit recordings of each drug and firearm deal through the agents who executed the Recorder Protocol. ECF No. [209] at 8. "Proper authentication requires only that the proponent of the evidence make out a prima facie case that the proffered evidence is what it purports to be." *United States v. Taylor*, 688 F. App'x 638, 641 (11th Cir. 2017) (citing *United States v. Belfast*, 611 F.3d 783, 819 (11th Cir. 2010)). The Government states these agents can properly authenticate the recordings under Federal Rule of Evidence 901 because the agents

> were present and conducting surveillance during each of the controlled purchases and therefore know the date, time, and location of the controlled purchases, and were present during certain phone call conversations between the CI and the Defendant as these meetings were planned. They know how the devices worked and operated, and on all five of the controlled purchases, were listening to and observing them in real time.

*Id.* at 10-11. Therefore, the recordings can be properly authenticated.

The admission of an informant's half of a taped audio conversation also "does not violate

the Confrontation Clause when 'the single purpose for admitting the [informant's] statements was to make understandable to the jury the statements made by [the defendant] himself.'" *Id.* at 9-10 (quoting *United States v. Price*, 792 F.2d 994, 997 (11th Cir. 1986)).

Additionally, Defendant's statements are "of a party opponent and not hearsay." *Id.* at 11 (citing Fed. R. Evid. 801(d)(2)(A)). The hearsay rule also does not "exclude a confidential informant's half of a conversation with the defendant where those statements are either '(1) non-assertive statements that are incapable of being true or false or (2) statements that are indisputably false.'" *United States v. Toussaint*, 627 F. App'x 810, 813 (11th Cir. 2015) (quoting *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015)). Accordingly, the Motion is granted.

**B. Phone Calls Obtained Through Consensual Monitoring Through Law Enforcement**

The Government seeks to admit recordings from the consensual real-time monitoring of the CI's phone beginning on January 9, 2024, and continuing through Defendant's and his co-defendants' arrests. ECF No. [209] at 11. In order to introduce a recording at trial, "the government carries the burden of proving: (1) the competency of the operator; (2) the fidelity of the recording equipment; (3) the absence of material deletions, additions, or alterations in the relevant portions of the recording; and (4) the identification of the relevant speakers." *U.S. v. Reeves*, 742 F.3d 487, 501 (11th Cir. 2014). The Government states that it will introduce the phone calls "through law enforcement, who may authenticate the recordings through proof of the competence of the recording machine operator, the fidelity of the equipment, the absence of any alterations to the recordings, and the identities of the speakers." ECF No. [209] at 11. Therefore, the Motion is granted.

4

### C. Statements by the Defendant's Co-Conspirators

The Government "seeks to introduce statements made by the Defendant's co-conspirators in furtherance of the charged narcotics conspiracy." *Id.* at 12. The Government argues these statements are admissible non-hearsay under Federal Rule of Evidence 801(d)(2)(A) and (E). *Id.* A statement is not hearsay if it is offered against an opposing party and "was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). A statement is also not hearsay if it is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). As an example, the Government describes a June 4, 2024 conversation between the CI, co-defendant Rodriguez, and Defendant which "demonstrates how gang members—including Rodriguez and the Defendant—share resources and keep each other apprised of their narcotics-related activities." ECF No. [209] at 13. The Motion is granted to the extent the statements by the co-conspirators were made during and in furtherance of the conspiracy. *Id.*

### D. Narcotics, Firearm, and Cash Seized from the Defendant's Residence and the Cocaine and Latin King Paraphernalia Found in Rodriguez's Residence

The Government seeks to admit "a firearm, cocaine, cocaine base, marijuana, and several thousand dollars in cash from the Defendant's Residence on the date of the Defendant's arrest." *Id.* at 14. Although Defendant "was not charged separately for possessing each of these items of contraband," the Government argues "this evidence of criminal activity is direct evidence of and inextricably intertwined with his drug dealing and firearm sales," and, therefore, should be admitted. *Id.*

Federal Rule of Evidence 404(b) prohibits the introduction of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However,

5

> [e]vidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.

*U.S. v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (quoting *United States v. Ramsdale,* 61 F.3d 825, 829 (11th Cir. 1995).

The Government must prove beyond a reasonable doubt the Defendant conspired with others to distribute and possess with the intent to distribute narcotics, including cocaine and cocaine base—the very drugs found in his home—as well as that he dealt in firearms and possessed a firearm. The Government asserts that narcotics found in Defendant's home demonstrate that Defendant "possess[ed] cocaine and cocaine base close in time to the conspiracy period alleged in the Indictment. And the firearm shows the Defendant did, in fact, possess a firearm during the time period the Indictment alleges he dealt firearms." The Court agrees that the narcotics, firearm, and cash are direct evidence of the charged crimes and may be admitted.

### E. Evidence Regarding Defendant's, CI's, and Co-Defendants' Membership in the Latin Kings Gang

The Government seeks to introduce evidence that Defendant, the CI, and co-defendants are members of the Latin Kings Gang. *Id.* at 15-16. The Government argues that "Defendant's membership is central to every count and probative of the elements necessary to prove the crimes with which he has been charged." *Id.* Specifically, the Government argues that "Defendant sold cocaine and firearms to the CI, in part, because of the fact they were both Latin Kings." *Id.* The Government also argues that "there is no reasonable way to excise the fact the Defendant is a Latin King; was working with other Latin King gang members; and used his membership to accomplish the conspiracy's goals" because, to exclude such evidence would "result[] in a picture of the conspiracy that lacks motive, relationships, or even the conversations and transactions evincing an

agreement." *Id.* at 16.

"Eleventh Circuit case law supports the admission of gang-association evidence to show conspiracy or a relationship among defendants." *United States v. Wade*, No. 22-cr-00004, 2023 WL 4038582, at *3 (M.D. Ga. June 15, 2023) (collecting cases). Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Although evidence Defendant "was a gang member carries the potential for undue prejudice[,]" such evidence also "ma[kes] the government's theory of the case more likely." *United States v. Bradberry,* 466 F.3d 1249, 1254 (11th Cir. 2006). The Government argues that Defendant "used his membership to accomplish the conspiracy's goals" and that his gang membership provides context to Defendant's "motive, relationships, . . . conversations and transactions evincing an agreement." ECF No. [209] at 16. Therefore, the probative value of this evidence outweighs the danger of unfair prejudice, and the Motion is granted.

### F. Improper Statements, Commentary, and Argument Related to Jury Nullification

The Government seeks to "preclude jury nullification commentary, questioning, evidence, and argument intended solely to invoke sympathy for the Defendant or related to the penalties faced by the Defendant." *Id.* at 18. The Eleventh Circuit has stated that "[b]ecause the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence." *U.S. v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998). Therefore, the Motion is granted.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 24-cr-20289-BLOOM

1. The Government's Motion *in Limine*, **ECF No. [209]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 20, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record