UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20289-BLOOM

UNITED STATES OF AMERICA,

v.

BLAS BARRIOS,

    Defendant.
_____/

**OMNIBUS ORDER**

**THIS CAUSE** is before the Court upon the Government's Notice of Intent to Use Evidence of Prior Convictions ("Notice"), ECF No. [264], the Government's Motion *in Limine*, ECF No. [274], Defendant's Motion for *James* Hearing, ECF No. [281], and Defendant's Motion *in Limine*, ECF No. [282]. Defendant filed Objections to the Government's Notice, ECF No. [294], and a Response to the Government's Motion *in Limine*. ECF No. [295]. The Government filed a Response to Defendant's Motion *in Limine*, ECF No. [298], and Motion for *James* Hearing, ECF No. [300]. The Court has considered the Motions and the Notice, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are granted in part and denied in part. Defendant's Objections to the Notice are sustained in part and overruled in part.

**I.**     **BACKGROUND**

On July 9, 2024, Defendant Blas Barrios and seven other Co-Defendants were charged in a 26-Count Indictment with "conspiring to distribute controlled substances and various crimes related to the possession and distribution of firearms and narcotics." ECF No. [300] at 1 (citing ECF No. [15]). Defendant is proceeding to trial based on a Superseding Indictment that charges him with "conspiring to distribute narcotics, distributing narcotics, dealing in firearms without a

1

license, and possessing a firearm as a convicted felon with three prior convictions for a serious drug offense and/or violent felony." *Id*. (citing ECF No. [291]).

## II. LEGAL STANDARD

### A. Motions *in Limine*

A party can file a motion *in limine* to exclude anticipated prejudicial evidence from future proceedings. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States. v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). The movant has the burden of proving that the evidence is inadmissible. *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769, 6:07-cv-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *see In re Seroquel*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

"In general, a district court may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" *Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) (quoting *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No.

CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)). "Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial." *Powers v. Target Corp.*, No. 19-cv-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020) (quoting *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)).

## B. 404(b) Evidence

Federal Rule of Evidence 404(b)(1) prohibits the introduction of evidence of another "crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If the Government seeks to introduce 404(b) evidence in a criminal case, the prosecutor must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

"To be admissible, the Rule 404(b) evidence (1) must be relevant to an issue other than the defendant's character, (2) there must be sufficient proof to allow a jury to find that the defendant committed the extrinsic act, and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012) (quoting *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992)); *see also United States v.*

3

*Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (citing *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978)). "A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013) (quoting *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007)).

"Rule 404(b) is a 'rule of inclusion,' and Rule 404(b) evidence 'should not lightly be excluded when it is central to the prosecution's case.'" *United States v. Harding*, 104 F.4th 1291, 1300 (11th Cir. 2024) (quoting *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (citation and internal quotation marks omitted), *abrogated in part on other grounds by Rehaif v. United States*, 588 U.S. 225 (2019)).

### III. DISCUSSION

#### A. *James* Hearing

Pursuant to Federal Rule of Evidence 801(d)(2)(E), an out-of-court statement is not hearsay if it is "offered against an opposing party" and was "made by the party's co-conspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Government may introduce statements under this rule if it proves "by a preponderance of the evidence that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant . . . , and (3) the statement was made during the course of and in furtherance of the conspiracy." *United States v. Wenxia Man*, 891 F.3d 1253, 1271 (11th Cir. 2018). The Eleventh Circuit applies a "liberal standard in determining whether a statement was in furtherance of a conspiracy." *Id.* (quoting *United States v. Siegelman*, 640 F.3d 1159, 1181 (11th Cir. 2011)). "[T]he contents of the statement do not alone

4

suffice to establish a conspiracy in which the declarant and the defendant participated[.]" *United States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003).

In *United States v. James*, the former Fifth Circuit stated that "[t]he district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a co-conspirator. If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up." 590 F.2d 575, 582 (5th Cir. 1979) *overruled on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987). Since *James*, the Eleventh Circuit has clarified that "[a] separate *James* hearing prior to the presentation of the government's case-in-chief, however, is not required." *United States v. Sanchez*, 722 F.2d 1501, 1507 (11th Cir. 1984) (citing *United States v. Roe*, 670 F.2d 956, 962 (11th Cir. 1982)).

Defendant filed a Motion for Pretrial *James* Hearing, requesting that a pretrial hearing "be held for the purpose of determining the admissibility of any extrajudicial statements of alleged co-conspirators[.]" ECF No. [281] at 1. Defendant argues that "[m]ost of the evidence that the Government intends to present involving the Defendant directly relates to several transactions between the Defendant and a confidential informant for the sale of cocaine base. If there are only two members of a conspiracy, neither may be a government agent or informant." *Id.* ¶ 5 (citing *United States v. Arbane*, 446 F.3d 1223 (11th Cir. 2006)). Because there is a "lack of evidentiary basis in the record supporting the existence of a conspiracy," Defendant contends "it is unclear how the Government can try this case without a pre-trial *James* hearing." *Id.* ¶ 7. Specifically, Defendant states he "will be severely prejudiced at trial . . . because he has no notice of what alleged co-conspirator statements the Government will seek to introduce, aside from the statements referenced in the Government's motion *in limine*, and whether those statements are admissible."

5

*Id.* ¶ 8. The Government responds that a *James* hearing would "unnecessarily consume judicial resources—in the form of [a] mini-trial involving the Government's most critical witnesses—when the Court will be well-equipped to render its evidentiary rulings at trial." ECF No. [300] at 5. The Government also notes that it shared its proposed trial exhibits with the defense on November 10, 2025, filed an exhibit list on November 24, 2025, the parties reviewed recorded calls, recorded purchases, and their accompanying transcripts following the status conference on November 25, 2025, and conferred on the defense's objections. *Id.* at 3. Additionally, the Government provides specific details regarding the alleged conspiracy. It alleges Defendant "belongs to a gang called the Latin Kings" and that his "co-conspirators include four fellow Latin Kings[,]" facts which the Government knows "because a confidential informant (the "CI")—a former member of the Latin Kings—assisted law enforcement in this investigation." *Id.* at 2. It details the alleged length of the conspiracy, the names of the co-conspirators, the actions taken by the CI, and describes specific recorded calls in which the CI communicated with Defendant. *Id.* at 2-3.

Defendant argues that allowing the Government "to 'connect up' any statements that it seeks to introduce at trial and determine admissibility of those statements at the close of the [Government's] case-in-chief would be wholly inadequate to remedy the prejudice that will befall the Defendant[.]" ECF No. [281] at 7. However, the Government correctly points out that the Eleventh Circuit has "expressly approved of that practice." ECF No. [300] at 5; *see United States v. Allison, United States v. Allison*, 908 F.2d 1531, 1534 n.2 (11th Cir. 1990) ("[I]f the district court concludes that a *James* hearing is not reasonably practical, it can admit the statements subject to the government later connecting them up") (quoting *United States v. Barshov,* 733 F.2d 842, 850 (11th Cir. 1984)).

Case No. 24-cr-20289-BLOOM

Indeed, the Court agrees with the Government that a *James* hearing would be "duplicative of the trial itself and would . . . 'waste[] the judicial resources *James* was designed to conserve.'" *United States v. Marquardt*, 695 F.2d 1300, 1304 (11th Cir. 1983) (quoting *United States v. Lippner,* 676 F.2d 456, 464 (11th Cir.1982)). Accordingly, the Court is "well within its discretion in refusing to hold a *James* hearing." *Id.* Because "holding a *James* hearing most assuredly would yield a lengthy mini-trial, unnecessarily consuming judicial resources and requiring unnecessary duplication of effort[,]" the Motion is denied. Order Denying Motion for James Hearing, *United States v. Carner*, No. 22-cr-80022, ECF No. [457] (Nov. 21, 2022).

### B. Defendant's Motion *in Limine*

Defendant seeks to exclude two categories of evidence: (1) testimony and evidence regarding gang membership and the Latin Kings organization; and (2) evidence that Defendant acted as an enforcer or engaged in any alleged acts of violence or threatened violence. ECF No. [282] at 2-3. Defendant also requested an evidentiary hearing.[1]

As an initial matter, Defendant acknowledges that the Court previously granted the Government's motion *in limine* and allowed the Government to "introduce evidence that Defendant, the CI, and co-defendants are members of the Latin Kings Gang." ECF No. [220] at 6-7. Defendant attempts to draw a "distinction . . . between mentioning membership in the organization and making the Latin Kings organization the focus of the [trial]." ECF No. [282] ¶ 3. The Government argues that Defendant "offers no basis for the Court to overturn its prior ruling." ECF No. [298] at 1-2.

---

[1] Defendant offered no explanation as to why an evidentiary hearing was required to resolve his Motion *in Limine*. Because Defendant's Motion largely relitigates issues that were decided in the Court's prior Order on Motion *in Limine*, ECF No. [220], and the Court can resolve the remaining issues on the briefings, Defendant's request for a hearing is denied.

7

Although Defendant argues "[t]he indictment does not allege any RICO counts[,]" ECF No. [282] at 2, it is unclear what bearing that has on the instant Motion, given that the Court previously permitted the introduction of evidence of membership in the Latin Kings gang without any reference to a RICO Count. However, the Superseding Indictment includes a Count for conspiracy to distribute and possess with intent to distribute controlled substances. ECF No. [291] at 2. And, as the Court previously stated, "[t]he Government argues that Defendant 'used his membership to accomplish the conspiracy's goals' and that his gang membership provides context to Defendant's 'motive, relationships, . . . conversations and transactions evincing an agreement.' ECF No. [209] at 16. Therefore, the probative value of this evidence outweighs the danger of unfair prejudice[.]" ECF No. [220] at 7. Defendant has offered no reason for the Court to depart from its prior ruling. Therefore, the Motion is denied.

Regarding evidence that Defendant acted as an enforcer or engaged in any alleged acts of violence or threatened violence, Defendant argues that "[i]nformation regarding acts of violence committed by others is not relevant to any acts of the Defendant and would be unfairly prejudicial." ECF No. [282] ¶ 4. Additionally, Defendant contends that testimony "outside of the time periods alleged in the Indictment, the Defendant acted as an 'enforcer' within the organization," which included "the potential use of violence" offers no probative value as to the conduct alleged in the Indictment and is unduly prejudicial because "Defendant in this case is accused of selling cocaine base and firearms to the confidential informant from inside his home. There are no threats of violence." *Id.* ¶ 5.

The Government responds that Defendant's "role as the gang's enforcer, and at least two alleged acts concerning violence involving the Defendant—not to mention repeated discussions of firearms—are direct evidence of the drug conspiracy with which he is charged and his dealing in

8

firearms." ECF No. [298] at 1. Additionally, "discussions of violence are inextricably interwoven with the evidence of the drugs and firearm sales with which the Defendant is charged." *Id.* Specifically, the Government argues that Defendant "used his membership [in the Latin Kings] to accomplish the conspiracy's goals, including punishing a fellow King who dealt with individuals he was not supposed to and fighting with another King who would not share a cocaine supplier. All these facts explain the Defendant's relationship, in particular his role as Enforcer, with his co-conspirators and the CI." *Id.* at 10.

The Court has already held that Defendant's membership in the Latin Kings is admissible. *See* ECF No. [220] at 6-7. The Court also agrees with the Government that Defendant's role as enforcer "and the actions he took as a gang member" which included "issuing a violation to Mourin and fighting with Prince . . . not only demonstrate [Defendant's] participation in the drug conspiracy, but also evince his relationship to his co-conspirators and the CI." ECF No. [298] at 11. As the Government correctly argues, such evidence demonstrates that "Defendant agreed with other gang members to distribute drugs, agreed on the rules to distribute drugs, and when another Latin King violated those rules, [Defendant] ensured he suffered consequences." *Id.* Because the potential prejudicial effect of this evidence does not substantially outweigh its probative value, the Motion is denied.

To the extent Defendant seeks to exclude evidence of violence committed by others, he appears to be referencing a shooting involving other Latin Kings which occurred on May 17, 2024 ("Shooting"). ECF Nos. [282] ¶ 4; [298] at 5. The Government also references "a different instance," in which "another Latin King 'got hit,' which the Defendant and the CI discussed during a controlled purchase." ECF No. [298] at 5. The Government states it "d[oes] not intend to present evidence of the Shooting except to rebut any claims or arguments that the Latin Kings are a non-

violent gang. References to the Shooting have been redacted from the government's trial exhibits." *Id.* at 5 n.2. To the extent the Government introduces evidence of the Shooting to rebut arguments that the Latin Kings are non-violent, the Motion is denied because the evidence would be relevant and the potential prejudicial effect of this evidence does not substantially outweigh its probative value. To the extent the Government introduces evidence that, during a controlled purchase, Defendant and the CI discussed another instance in which a Latin King "got hit," such evidence is inextricably intertwined because it "forms an integral and natural part of an account" of the drug conspiracy and "is necessary to complete the story of the crime for the jury." *Id.* at 9 (quoting *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)). Because the potential prejudicial effect of this evidence does not substantially outweigh its probative value, the Motion is denied.

### C. Government's Motion *in Limine*

On March 17, 2024, Defendant was arrested by the State of Florida and, as a condition of his bond, he was placed on house arrest with GPS ankle monitoring. ECF No. [274] at 2. The Government seeks to introduce (1) GPS evidence obtained through Defendant's ankle monitor and (2) evidence that Defendant was "on GPS ankle monitoring and house arrest during the investigation, including the Defendant's own words and testimony by an investigating agent and the CI." *Id.* at 3. The Government argues this is "direct evidence of the Defendant's guilt" because "his location during the controlled purchases . . . is essential to proving the Defendant committed the cocaine base and firearm sales he is charged with." *Id.*

Defendant responds that this evidence is "needlessly cumulative" and is only being offered for the impermissible purpose of proving that Defendant "is a bad guy who was on GPS monitoring during the time period alleged in the indictment. There is no reason, other than contact with the

10

criminal justice system, why [Defendant] would be under supervision by the Miami Dade Corrections and Rehabilitation Department." ECF No. [295] at 2-3.

The Government states that it will need to introduce the GPS evidence which "reflect[s] a summary of the Defendant's movements each day as well as each time the GPS ankle monitor pinged the Defendant's location" because the records show that Defendant "was at the same address where the controlled purchases occurred and where the Defendant was arrested . . . during the time of each controlled purchase from the Defendant in this matter." ECF No. [274] at 2. Although each of the CI's controlled purchases "were audio/video recorded and witnessed live, via recording, by law enforcement" and the "CI and the Defendant discussed these purchases over phone calls, which were recorded[,] . . . the hidden camera used to record the video does not clearly capture the Defendant's face throughout the controlled purchases." *Id.* In Response, Defendant notes that "[b]y the Government's own admission – they have audio/video recording, controlled phone calls, and multiple witnesses who are able to testify that [Defendant] was at his residence at the time periods relevant to the acts alleged in the indictment. They do not need to introduce the highly prejudicial evidence that the Defendant was on an ankle monitor for pending criminal cases." ECF No. [295] at 3. Defendant argues that "the Government seeks to portray the Defendant as a repeat criminal, that it is more likely than not that he committed the crimes charged because he is a repeat criminal, and the jury should convict him regardless of the strength of the evidence in their current prosecution." *Id.* at 4.

As the Government points out, the prejudicial effect of introducing evidence that Defendant was wearing an ankle monitor is limited because Defendant is charged with being a felon in possession of a firearm. Therefore, "[a]t minimum, the government's case will require evidence the Defendant is a convicted felon and knew he was a convicted felon." ECF No. [274] at 5.

11

Furthermore, although Defendant is correct that the Government has other evidence that Defendant participated in the controlled purchases, because the recording of the transaction "does not clearly capture the Defendant's face throughout the controlled purchases[,]" GPS records showing that Defendant was at the location of the controlled purchases when they took place is probative and not needlessly cumulative. *Id.* at 2.

Defendant also argues that all but one of the cases the Government cites in support of the introduction of ankle monitor evidence "allowed the testimony in relation to convictions[,]" whereas, in the instant case, "Defendant was on pre-trial supervision for criminal cases that have not resulted in a conviction." ECF No. [295] at 3. Therefore, Defendant argues, the Government is seeking to introduce "evidence of criminal cases in which the Defendant continues to be presumed innocen[t]." *Id.* As an initial matter, for purposes of the motion *in limine*, the Government is not seeking to introduce evidence of the alleged crime for which Defendant was placed on house arrest with GPS monitoring. It is seeking to introduce the fact that Defendant was wearing an ankle monitor, Defendant was on house arrest during the investigation, and records from the GPS monitoring, showing Defendant's location. ECF No. [274] at 3. Although Defendant is correct that "[t]here is no reason, other than contact with the criminal justice system, why [Defendant] would be under supervision by the Miami Dade Corrections and Rehabilitation Department[,]" the analysis of whether the prejudicial effect substantially outweighs the GPS monitoring's probative value is not affected by the fact that "Defendant continues to be presumed innocen[t]." *Id.* at 2-3. Regardless of whether Defendant was ultimately convicted of the alleged crime which resulted in his GPS monitoring, it would be equally improper for the monitoring to be introduced as evidence that he has a propensity for committing crimes. Therefore, the fact that Defendant is presumed innocent of the alleged crime has no bearing on the instant analysis.

Because the prejudicial effect of the GPS evidence does not substantially outweigh the probative value, the Motion is granted. *See United States v. Pierce*, 136 F.3d 770, 776 (11th Cir. 1998) (district court did not abuse discretion in permitting testimony of defendant's probation officer where "testimony was neither the only, nor even the primary, source of the jury's information concerning [defendant's] prior contact with the criminal justice system. Rather, the jury was otherwise aware of [defendant's] criminal history because the government introduced evidence of five previous bank robberies committed by [defendant]."); *United States v. Hemphill*, 642 F. App'x 448, 450, 452-53 (5th Cir. 2016) (affirming district court's admission of evidence pertaining to defendant's ankle monitor "including that he was wearing it at the time of both drug sales and that its data showed he was at home" where no other "evidence of defendant's underlying previous criminal conduct was adduced at trial" and defendant was wearing ankle monitor as part of pretrial supervision).

### D. 404(b) Evidence

On November 17, 2025, the Government filed a Notice of Intent to Introduce Evidence of Defendant's Prior Convictions. ECF No. [264]. The Government seeks to introduce four of Defendant's five[2] prior convictions:

i.  1998 conviction for armed robbery following a plea of nolo contendere, *see State of Florida v. Blas Frank Barrios*, Case No. F98-001803B (11th Fla. Cir. Ct., Dec. 19, 2001) (sentence modified from 364 days' imprisonment to three years' imprisonment following revocation of probation), attached as Exhibit 1 ("Armed Robbery Conviction");

ii. 2010 conviction for possessing with the intent to sell, manufacture, or deliver cocaine and marijuana following a guilty plea, *see State of Florida v. Blas F. Barrios*, Case No. F10-002333 (11th Fla. Cir. Ct., June 30, 2010)

---

[2] The Government states that it will only introduce the Fraud Conviction if Defendant testifies, in which case, the Government will introduce all of Defendant's convictions for impeachment purposes. ECF No. [264] at 2 (citing Fed. R. Evid. 609).

    (sentenced to 366 days of imprisonment), attached as Exhibit 2 ("Drug Distribution Conviction");

 iii. 2013 conviction for strongarm robbery with aggravated battery pursuant to a guilty plea, *see State of Florida v. Blas Frank Barrios*, Case No. F11-16888 (11th Fla. Cir. Ct., Nov. 18, 2015) (sentence modified from 50 months' imprisonment to 5 years' imprisonment following revocation of probation), attached as Exhibit 3 ("Robbery and Battery Conviction");

 iv. 2020 conviction for possession of a controlled substance, specifically methamphetamine following a guilty plea, *see State of Florida v. Blas Frank Barrios*, Case No. F20-014221 (11th Fla. Cir. Ct., Dec. 18, 2020) (sentenced to two days' imprisonment), attached as Exhibit 4 ("Drug Possession Conviction")

 v. 2009 conviction for uttering a forged instrument and grand theft, among other offenses, following a plea of guilty*, see State of Florida v. Blas Frank Barrios*, Case No. F07-026745B (11th Fla. Cir. Ct., Mar. 23, 2009) (sentenced to 18 months' imprisonment), attached as Exhibit 5 ("Fraud Conviction").

ECF No. [264] at 2-3.

  The Government argues (1) the Armed Robbery Conviction, Drug Distribution Conviction, and Robbery and Battery Conviction are necessary to prove Defendant was a convicted felon and knew he was a convicted felon at the time he possessed the firearms in this case; (2) because Defendant has not moved to bifurcate the trial, the Government must, in its case-in-chief, prove the predicate offenses under 18 U.S.C. § 924(e); (3) even if Defendant stipulated to his felon status and knowledge, the Drug Distribution Conviction and Drug Possession Conviction are necessary to proving that Defendant "knew the unlawful purpose of the narcotics conspiracy, willfully joined in it, knew he possessed either cocaine base, cocaine, or a federally scheduled controlled substance, and he intended to distribute it"; (4) the Drug Convictions are relevant to counter any entrapment defense; (5) the certified convictions constitute sufficient evidence to allow the jury to determine

Defendant committed the other acts[3]; and (6) the probative value of the evidence far outweighs the potential for unfair prejudice. *Id.* In his Objections, Defendant argues (1) the evidence the Government seeks to introduce is irrelevant and is only being offered as evidence of Defendant's propensity to commit those acts; (2) the prior Drug Convictions do not pass the Federal Rule of Evidence 403 balancing test; and (3) evidence related to Defendant's other convictions is irrelevant because the Court has already granted a motion to bifurcate the trial and Defendant plans to stipulate to his status as a convicted felon and his knowledge of that status. ECF No. [294].

As Defendant notes, since the Government filed its Notice, the Court has granted Defendant's motion to bifurcate the trial. ECF No. [272]. Therefore, the Government's argument that, in its case-in-chief, it must prove the predicate offenses under 18 U.S.C. § 924(e), is now moot. *See* ECF No. [264] at 6 (noting that the Government must prove, in its case-in-chief, that the Armed Robbery, Drug Distribution, and Robbery and Battery Convictions occurred "on occasions separate from one another" because Defendant had not yet moved to bifurcate the trial).

Regarding the Government's argument that it must introduce the Armed Robbery, Drug Distribution, Drug Possession, and Robbery and Battery Convictions to prove "Defendant was a convicted felon, knew he was a convicted felon, and that he did not possess the charged firearm by any mistake or accident[,]" ECF No. [264] at 5, Defendant represents that he "plans to stipulate to his status as a convicted felon and his knowledge of that status." ECF No. [294] at 4. Therefore, the Government's argument is moot, except to the extent that the stipulation does not address the Government's argument that these Convictions prove Defendant "did not possess the charged firearm by any mistake or accident." ECF No. [264] at 5. However, of Defendant's prior

---

[3] Defendant does not dispute that the certified convictions constitute sufficient evidence to allow the jury to determine Defendant committed the other acts.

15

convictions, only the 1998 Armed Robbery Conviction appears to have involved a firearm. ECF No. [264] at 2-3. Therefore, the Government's argument that the prior convictions are necessary to prove Defendant's knowing possession of a firearm only applies to the Armed Robbery Conviction.[4] *See* Fla. Stat. § 812.13(2)(b).

The Eleventh Circuit has "previously recognized the 'logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time.'" *United States v. Reid*, No. 23-10619, 2025 WL 2399780, at *5 (11th Cir. Aug. 19, 2025) (quoting *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003)). However, the Government has not argued that, pursuant to Defendant's Armed Robbery Conviction, Defendant was convicted of *knowingly* possessing a firearm. The Information charging Defendant with Armed Robbery alleged that Defendant "did unlawfully, by force, violence, assault or putting in fear, take certain property . . . and in the course of committing said robbery, carried a . . . firearm, to [sic] in violation of s. 812.13(2)(b), Fla. Stat." ECF No. [264-1] at 1. Because the Government has not argued that Defendant's Armed Robbery Conviction necessarily entailed the knowing possession of a firearm, the Armed Robbery Conviction has no relevance as to whether Defendant knowingly possessed a firearm in the instant case. Therefore, Defendant's Objection as to the Armed Robbery Conviction is sustained.

Regarding the Government's argument that the Drug Distribution Conviction and Drug Possession Conviction are necessary to prove that Defendant "knew the unlawful purpose of the narcotics conspiracy, willfully joined in it, knew he possessed either cocaine base, cocaine, or a federally scheduled controlled substance, and he intended to distribute it," ECF No. [264] at 6,

---

[4] Because the Government has not offered any alternative, permissible purpose for introducing the Robbery and Battery Conviction in its case-in-chief, Defendant's Objection is sustained as to that Conviction.

Defendant concedes there is "controlling caselaw that . . . '[e]vidence of prior drug dealings is highly probative of intent to distribute a controlled substance.'" *United States v. Barron-Soto*, 820 F.3d 409, 417 (11th Cir. 2016) (citing *United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990)); *see United States v. Dorsey*, 819 F.2d 1055, 1057 (11th Cir. 1987)." ECF No. [294] at 4. Therefore, Defendant argues "[t]he convictions are old and are not alleged to involve the same individuals. They are not indicative of [Defendant's] actions in 2024. And a conviction for simple possession does not provide probative value as to whether someone was involved in the distribution of a controlled substance." *Id.*

As the Government argues, the Drug Distribution Conviction is highly probative because it "specifically concerns cocaine—one of the substances charged in Count I and the very substance cooked to make cocaine base," making the Conviction "even more relevant to proving the Defendant's knowledge and lack of mistake or accident." ECF No. [264] at 7. As the Eleventh Circuit has previously stated "a not guilty plea in a drug conspiracy case . . . makes intent a material issue and opens the door to admission of prior drug-related offenses as highly probative, and not overly prejudicial, evidence of a defendant's intent." *United States v. Smith*, 741 F.3d 1211, 1225 (11th Cir. 2013). Although the fact that the Drug Distribution Conviction is fifteen years old may lessen the Conviction's probative value, prior drug-related offenses may still be highly probative "even where the prior conviction is many years old." *Id.* Because the Government intends to introduce the Drug Distribution Conviction for a proper purpose and the prejudicial effect does not substantially outweigh its probative value, Defendant's Objection is overruled. *See United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (affirming district court's admission of fifteen-year-old drug dealings "despite their differing nature [from the charge] and remoteness in time"); *United States v. James*, 147 F. App'x 76, 81 (11th Cir. 2005) (fifteen-year-old drug

17

conviction was not "so temporally remote that its prejudice substantially outweighed its probative value"); *United States v. Manning*, 800 F. App'x 868, 872 (11th Cir. 2020) (affirming district court's admission of drug convictions that were thirteen-years-old at the time of the charged offense, noting "prior convictions were not identical to the charged offense, [but] differences in the amount or type of drugs do not substantially prejudice a defendant).

Defendant also argues that "a conviction for simple possession does not provide probative value as to whether someone was involved in the distribution of a controlled substance." ECF No. [294] at 4. However, the Eleventh Circuit has stated that its "precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy." *United States v. Aguirre-Orozco*, 340 F. App'x 626, 638 (11th Cir. 2009) (quoting *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005)). Because the Government intends to introduce the Drug Possession Conviction for a proper purpose and the prejudicial effect does not substantially outweigh its probative value, Defendant's Objection is overruled.

Defendant Objects to the Government's Notice that it intends to introduce the Fraud Conviction for impeachment purposes under Federal Rule of Evidence 609 if Defendant testifies. ECF No. [294] at 5. Rule 609(b) states that, where more than ten years have elapsed since the witness was convicted, evidence of the conviction is admissible only if written notice is given to the adverse party and the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[.]" Fed. R. Evid. 609(b). Defendant was convicted "for uttering a forged instrument and grand theft, among other offenses," in 2009, therefore, more than ten years have elapsed since the Fraud Conviction. *See* ECF No. [264] at 3. Defendant argues that the Government "has not alleged any specific facts and circumstances in

18

that 2009 case that support a finding that its probative value [substantially] outweighs its prejudicial effect." ECF No. [294] at 5. The Court agrees and Defendant's Objection is sustained.

IV.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Government's Motion *in Limine*, **ECF No. [274],** is **GRANTED**;

2. Defendant's Motion for *James* Hearing, **ECF No. [281],** is **DENIED**;

3. Defendant's Motion *in Limine*, **ECF No. [282],** is **DENIED**;

4. Defendant's Objections to the Government's Notice of Intent to Introduce Evidence of Defendant's Prior Convictions, **ECF No. [294],** are **SUSTAINED IN PART and OVERRULED IN PART.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 29, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record